RUDENE, INC., v. CHARLES A. RACINE, *et ux.*

182 So. 433.
Opinion Filed June 13, 1938.
Rehearing Denied July 14, 1938.

*Kurtz & Reed,* for Plaintiff in Error;

*Walsh, Beckham & Ellis,* for Defendants in Error.

BUFORD, J.—Writ of error brings for review judgment in favor of plaintiff in the sum of $2,000.00 in a suit for breach of a contract alleged to have been breached by the defendant, in which contract it was covenanted and agreed:

"1. The party of the second part agrees, on behalf of itself and its successors and assigns, that no building will be erected or constructed on Lot Sixteen (16) of said Block Fifty-nine (59) during the period of time commencing with the date of these presents and expiring five (5) years from and after this date, so that any part of the Northerly boundary walls of any such building will be on the North ten (10) feet of said Lot Sixteen (16); that is to say, the northernmost point of the walls of any building on said Lot Sixteen (16) will be placed at least ten (10) feet from the North line of said Lot Sixteen (16), which is the same as the South line of said Lot Fifteen (15); but the fact that footing, overhanging eaves, window sills or stairways may be closer to said Northern line of said Lot Sixteen (16) than ten (10) feet will not be deemed a violation of this agreement."

The allegations as to the breach are as follows:

"Notwithstanding said covenant and agreement so made by the said defendant and in violation of the said contract, the said defendant did shortly after execution of said agreement erect and construct a two-story apartment building on said lot 16 in such manner that the northern boundary wall of said apartment building was erected parallel to the south

line of said lot 16 and the north line of said lot 15, so that the said northern wall of said apartment building so erected on said lot 16 was within seven and one-half (7½) feet of the boundary line between said lots; that because of the said breach of said contract by the defendant as aforesaid the plaintiffs have suffered an impairment and loss of light, air and ventilation to his said apartment building; has suffered a loss and impairment on the rent and revenue from his apartment building; has suffered the loss of the right to enjoy said premises with the said building being erected on the adjoining lot nearer than ten feet; has suffered a loss and impairment of the value of said premises."

The plaintiff in error has submitted fifteen questions for our consideration, each of which we have carefully considered and find that the 15th question is the only one which requires discussion. We find that no reversible error pointed out under the argument of the remaining questions. Neither do we find presented by such questions any matter the discussion of which would be helpful to the bench and bar either in a retrial of this case or in other cases.

Question No. 15 is as follows:

"Where the evidence adduced by the plaintiffs showed conclusively that the maximum damages which the plaintffis could have sustained, as the result of the alleged breach, amounted to $1,500.00, should a verdict be allowed to stand and a judgment entered thereon where the verdict is in the sum of $2,000.00?"

Neither counsel for plaintiff in error or for the defendant in error have cited any case directly in point with the one now under consideration. We are unable to find a reported case in which like factual conditions existed. We communicated with American Law Book Company of Brooklyn, N. Y., and with Lawyer's Cooperative Publishing Company of Rochester, N. Y., asking each of these publishers

to furnish us with citation of like cases, if any could be found. Replies from both publishers indicate that this is a case of first impression as to factual conditions.

In this case there is no element of ancient lights involved. The fact that the contract, the breach of which is alleged, granted the easement therein contained for a period of only five years eliminates the element of damage by reason of permanent depreciation of the ground value of plaintiff's property. It appears to be well established that the plaintiff is not entitled to recover the amount paid for his easement and at the same time recover damages sustained by him by reason of the breach of the contract for the easement. Neither is the price paid for the easement the measure of damages which the plaintiff may recover.

So it is that we must hold that the measure of damages recovered by the plaintiff from the defendant is the difference between the rental value of the apartments situated on that side of the apartment house nearest the adjoining lot when an apartment house on said adjoining lot is constructed with the nearest wall 7½ feet from the property line, and what the rental value of the apartments on that side of the house nearest to adjoining lot on which is constructed an apartment house, had the nearest part of which been 10 feet from the property line. That this is the correct measure of damages appears to be supported by the text, 19 C. J. 1006, Sec. 281, Amalgamated Properties, Inc., v. Oakwood Gardens, Inc., et al., 148 Mich. 426, 266 N. W. Supplement 381; Darnell v. Columbus Show Case Co., 129 Ga. 62, 58 S. E. 631; and the cases cited in the two opinions last above referred to. In cases of this sort the same rule will apply which applies in other cases, that a jury may not return a verdict based upon guess work, but there must be some definite proof by competent evidence of the amount of the damage sustained.

In this case there was no proof that the plaintiff had ever rented the apartments when there was another apartment house situated on an adjoining lot 10 feet from the property line and, therefore, he could not testify from experience as to what the difference in the rents obtainable had been found to be. Neither did plaintiff introduce any witness to show the result of an experience of that sort. He did introduce one who qualified as an expert real estate dealer and rental agent who was properly allowed to give some expert testimony, but this witness did not show that he had had experience or knowledge of the rental of apartments located the same distance from another apartment house on the adjoining lots which obtained in this case and in renting the same or like apartments when a like apartment house on the adjoining lot was 10 feet instead of $7\frac{1}{2}$ feet from the property line, or where the distance between the apartments was $2\frac{1}{2}$ feet greater than that which obtains in this case. So his conclusion as to depreciation of the rental value of the property for the remainder of the five-year period occasioned solely by reason of breach of the contract was, if anything, little better than a guess.

The evidence which was given by the plaintiff was indefinite and uncertain as to what efforts he had made to rent the apartments for more than he had received for them; it was indefinite and uncertain as to whether or not the proximity of the house built by the defendant being $2\frac{1}{2}$ feet nearer to his apartment house than the distance which the contract contemplated had been responsible either for the loss of tenants or for his inability to procure tenants or for any certain amount in diminution of rentals which would have been available and obtainable had the contract not been breached.

We find that the verdict and judgment is excessive, but the evidence is so vague, indefinite and uncertain that we

are unable to say what amount the plaintiff was entitled to recover. If we tried to do so by requiring a remittitur, we would only substitute our guess for what appears to have been the guess of the jury.

There is another point involved in the case which we think should be considered on retrial and that is, whether or not there was in fact a supplemental agreement between the plaintiff and the defendant made and entered into subsequent to the making of the original agreement by which it was agreed that a house might be built on the adjoining lot not less than 7½ feet from the property line instead of not less than 10 feet from the property line. On this question, the evidence was in sharp conflict and the jury might have decided that question in favor of either party.

All other questions having been considered and disposed of, the judgment is reversed and the cause remanded for a new trial on the issues presented by the pleadings as to the execution of the supplemental and subsequent agreement above referred to and on the question of damages.

So ordered.

Reversed and remanded for further proceedings.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.