334 So.2d 39 (1976)
STEINER AND MUNACH, P.A., Appellant,
v.
Willie F. WILLIAMS et al., Appellees.
No. 75-688.
District Court of Appeal of Florida, Third District.
March 23, 1976.
Rehearing Denied July 6, 1976.
*40 Richard A. Kanner, Miami, for appellant.
Orr, Nathan & Williams, Miami, for appellees.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Defendant seeks review of two final judgments entered in favor of Willie F. Williams, the first for $12,000 in her capacity as personal representative of Willie E. Williams, her deceased husband, and second for $3,000 individually following a jury trial in this action to recover for the intentional infliction of mental and emotional distress.
Willie E. Williams was operated upon and the defendant, Steiner and Munach, a medical professional association practicing anesthesiology, administered the anesthesia for a fee of $272. At the time of the surgery he had medical coverage with two different insurance companies to which he submitted the defendant's statement for services rendered. One of the insurers made part payment and the other insurer *41 was to pay the remainder. However, despite several phone calls and statements to the second insurer, no results were produced. Approximately nine months after the operation, defendant mailed the following unexecuted claim to Mr. Williams:

 "FILE IN DUPLICATE PLU
 "ONE COPY FOR EACH DEFENDANT
 "IN THE COUNTY COURT, IN AND FOR DADE COUNTY, FLORIDA
 "Steiner & Munach, P.A. CASE NO. ___________________________
 "1150 N.W. 14th Street Suite 602 CIVIL DIVISION
 "Miami, Florida 33136 
 "Plaintiff(s) STATEMENT OF CLAIM
 "vs. Address(es) of Defendant(s):
 "_________________________________ ___________________________________
 " Mr. Willie E. Williams 9115 N.W. Little River Dr. 
 "_________________________________ Miami, Florida 33147 
 "Defendant(s)
 "The Plaintiff sues the Defendant for: Money owed Plaintiff by
 Defendant; and which is past due and unpaid; for (As checked (X) below):
 "Goods, wares and merchandise sold by plaintiff to defendant;
 "Work done and materials furnished by plaintiff to defendant;
 "Money loaned by plaintiff to defendant;
 "Money due to plaintiff upon accounts stated and agreed to between them;
 "On a written instrument, copy of which is attached hereto;
 "Rent for certain premises in Dade County, Florida, viz:
 "XXX Other (Explain) ANESTHESIA DURING SURGERY AT CEDARS OF LEBANON
 HOSPITAL 10/22/73
 "Any additional facts in connection with any of the above:
 "(Use additional sheet if necessary)
 "THIS IS A COPY OF THE CLAIM TO BE FILED AGAINST YOU IN COURT FOR
 NONPAYMENT OF YOUR MEDICAL ACCOUNT UNLESS YOUR PAYMENT IS RECEIVED
 IMMEDIATELY.
 "Wherefore Plaintiff demands judgment in the sum of $176.00, together with
 court costs and any further costs which the Court may assess."
 * * * * * * * * * * * *

At the time Mr. Williams received the claim, he was alone and upon his wife's return home, he exclaimed "Oh, my God, I guess they're going to take our house." Thereafter, he stopped eating and sleeping for some time. Mrs. Williams also was very upset and the next day took the form to her attorney who advised her it was not a lawsuit and to relax. Ten days later defendant was paid by the second insurance carrier. The Williams, alleging that they both suffered severe mental and emotional distress as a result of receiving the above form, filed suit against the defendant and sought both compensatory and punitive damages. While the suit was pending, Mr. Williams died and Mrs. Williams was permitted to proceed on her deceased husband's behalf. After the conclusion of the trial, the jury awarded Mrs. Williams on *42 behalf of her husband $2,000 in compensatory damages and $10,000 in punitive damages, and on behalf of herself $1,000 in compensatory and $2,000 in punitive damages. Defendant perfected this appeal from the final judgments entered in accordance with these verdicts.
Defendant primarily contends that its actions do not constitute a claim for emotional distress. We find this contention has merit.
The law in Florida still remains that there is no recovery for emotional or mental injuries unless there has been a physical impact or such injuries are produced as a result of a deliberate and calculated act performed with the intention of producing such an injury by one knowing that such act would probably and most likely produce such an injury. See Gilliam v. Stewart, Fla. 1974, 291 So.2d 593 and 32 Fla.Jur. Torts § 15 (1960).
We find there was no physical impact and no showing that defendant's conduct was deliberate and calculated to produce the alleged mental and emotional distress, nor that defendant knew its action would probably produce such injury to plaintiffs. Thus, the final judgments awarding both compensatory and punitive damages based upon plaintiffs' claim of intentional infliction of mental and emotional distress are reversed.
Nevertheless, defendant's conduct clearly is in violation of § 559.72(10), Fla. Stat., F.S.A.,[1] and pursuant to § 559.77(1), Fla. Stat., F.S.A.[2] defendant is liable for $500 to plaintiff. We further note that even though defendant under this second statute may be liable also for punitive damages, the plaintiff in the instant action is not entitled to these damages inasmuch as the evidence fails to demonstrate that defendant's conduct was wanton, malicious or gross and outrageous to such an extent that the measured compensation of the plaintiff should have an additional amount added to it by way of punishment. See Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936).
Accordingly, the cause is remanded to the trial court with directions to enter a new judgment in favor of plaintiffs for $500, together with court costs and reasonable attorney's fees.
Reversed and remanded with directions.
NOTES
[1] "559.72 Prohibited practices generally.

"In collecting consumer claims, whether or not licensed by the division, no person shall:
* * * * *
"(10) Use a communication which simullates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney-at-law, when it is not;"
* * * * *
[2] "559.77 Civil liability.

"(1) A debtor may bring a civil action against a person violating the provisions of this part in the circuit court of the county in which the alleged violator resides or has his principal place of business or in the county wherein the alleged violation occurred. Upon adverse adjudication, the defendant shall be liable for actual damages or five hundred dollars, whichever is greater, together with court costs and reasonable attorney's fees incurred by the plaintiff. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. If it appears to the court that the suit brought by the plaintiff was ill-founded or brought for purposes of harassment, the plaintiff shall be liable for court costs and reasonable attorney's fees incurred by the defendant."
* * * * *