401 So.2d 850 (1981)
Susan KIRKPATRICK, Appellant,
v.
John ZITZ and Transamerica Insurance Company, Appellees.
No. PP-120.
District Court of Appeal of Florida, First District.
July 7, 1981.
Rehearing Denied August 17, 1981.
*851 David R. Lewis of Lewis, Paul Isaac & Castillo, Jacksonville, for appellant.
Bruce S. Bullock, Claude K. Slater and Richard L. Randle, of Slater & Randle, Jacksonville, for appellees.
PER CURIAM.
Kirkpatrick appeals the trial court's order dismissing the second count of her third amended complaint with prejudice. We reverse and remand.
On July 2, 1979, Kirkpatrick filed a third amended complaint seeking damages for a skunk bite she received while in a pet store owned by John Zitz. The second count of the complaint alleged a cause of action against Zitz's insurer, Transamerica, for the intentional infliction of emotional distress. Kirkpatrick asserted Zitz sold the skunk after it bit her and that the skunk was lost prior to the incubation period necessary to see whether the skunk had rabies. Transamerica then allegedly intentionally exposed Kirkpatrick to death by directing Zitz to keep this information from her. Kirkpatrick asserted she suffered severe emotional distress when she learned the information was intentionally withheld and that there was a possibility she had been exposed to a fatal disease. Transamerica moved for and the trial court granted a dismissal.
This cause presents the question of whether the facts alleged an independent cause of action for intentional infliction of emotional distress. In Ford Motor Credit Co. v. Sheehan, 373 So.2d 956 (Fla. 1st DCA 1979), this court concluded that there is no bar to such an action when the conduct is so outrageous and extreme that it goes beyond all bounds of decency. In that case, Ford Motor Credit was the causative force which set into play a communication which resulted in severe emotional distress. The court stated:
Whether or not Ford Motor Credit intended to inflict severe emotional distress is immaterial. Where the actor knows that such distress is certain, or substantially certain to result from his conduct, the rule applies... . It also applies where he acts recklessly "in deliberate disregard of a high degree of probability that the emotional distress will follow." (citations omitted).
Id. at 958, 959.
The complaint below alleges Transamerica directed Zitz not to tell Kirkpatrick of the skunk's disappearance. This conduct, if true, is outrageous and extreme in that it intolerably evinces a disregard for human life and the high probability that severe emotional distress would follow. Lay v. Roux Laboratories, Inc., 379 So.2d 451 (Fla. 1st DCA 1980).
We have reviewed the record and have determined Kirkpatrick's third amended complaint adequately states a cause of action against Transamerica. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
MILLS, BOOTH and LARRY G. SMITH, JJ., concur.