561 So.2d 330 (1990)
Christine Lee MALLOCK and Steve Mallock, Appellants,
v.
SOUTHERN MEMORIAL PARK, INC., Appellee.
No. 89-1068.
District Court of Appeal of Florida, Third District.
April 17, 1990.
Rehearing Denied June 1, 1990.
*331 Frank Mallory Shooster, Fort Lauderdale, and Jo Ann Baran, Kravitz and Kravitz and Shelley J. Kravitz, Hialeah, for appellants.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Fort Lauderdale, and Paul H. Field, Miami, for appellee.
Before COPE, LEVY and GODERICH, JJ.
COPE, Judge.
Christine Mallock and Steve Mallock appeal an adverse final judgment. We reverse.
The Mallocks brought suit against the defendant cemetery, Southern Memorial Park, Inc., alleging intentional infliction of emotional distress, and breach of the statutory right of access pursuant to section 704.08, Florida Statutes (1987). The Mallocks alleged that their son was buried in Southern Memorial Park, and that three times per year, for the past seven years, the Mallocks have conducted a graveside memorial service. Each such service was conducted without incident, and at no time had the Mallocks been advised that any special permission was required from the cemetery for the conducting of such services.
On the seventh anniversary of the son's death, the Mallocks and a group of friends arrived for a memorial service to be conducted at 11 a.m. Taking the evidence, as we must, in the light most favorable to the Mallocks  the parties opposing summary judgment  the Mallocks found that preparations had been made to hold funeral services on a neighboring plot, and that chairs and a ground covering slightly overlapped the son's gravesite. Upon asking Southern's management to assist them by temporarily moving the chairs and ground covering aside so they could conduct the ceremony, Southern's manager directed the party to leave the cemetery at once, accused them of trespassing, and called the police. While the police were on the way, the Mallocks' party moved the chairs and canvas out of the way, which only required a brief time to accomplish, and conducted a short five-minute ceremony rather than the thirty-minute ceremony which had been planned. A security guard ordered the Mallocks to leave or be arrested, and said, "What do you think, you're in China?"[1] The Mallocks' ceremony, had it been held as planned, would have ended by 11:30 a.m. The ceremony on the neighboring plot was not scheduled to begin until 1:00 p.m.
The Florida Supreme Court has recently summarized the elements of the tort of intentional infliction of emotional distress:
This Court first recognized the tort of intentional infliction of emotional distress in Metropolitan Life Insurance Co. v. McCarson [467 So.2d 277 (Fla. 1985)]. In McCarson we approved the adoption of section 46, Restatement (Second) of Torts (1965), which states:
(1) One who by extreme and outrageous conduct intentionally or recklessly *332 causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
In that case, however, we held that the court below had not conformed its findings to the comments to section 46 which explain the application of the tort.
Comments d and i to section 46 are particularly pertinent to our consideration:
It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"
... .
i. Intention and recklessness. The rule stated in this Section applies where the actor desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct. It applies also where he acts reckless, as that term is defined in § 500, in deliberate disregard of a high degree of probability that the emotional distress will follow.

Eastern Airlines, Inc. v. King, 557 So.2d 574 (Fla. 1990) (emphasis added).
The trial court granted summary judgment in favor of Southern Memorial Park on the count for intentional infliction of emotional distress. Taking the record in the light most favorable to the non-moving party, the Mallocks, we conclude that a trier of fact could find that the conduct of Southern was reckless, in accordance with the standards just cited. To summarily eject the Mallocks from the premises was to act "in deliberate disregard of a high degree of probability that the emotional distress will follow." Id. See also Restatement (Second) of Torts § 48 (1965); Dominguez v. Equitable Life Assurance Society, 438 So.2d 58, 59 (Fla. 3d DCA 1983), approved, 467 So.2d 281 (Fla. 1985); Rubin v. Matthews Intern. Corp., 503 A.2d 694 (Me. 1986); W. Prosser & W. Keeton, Prosser & Keeton on Torts § 12 at 63 (5th ed. 1984). The Restatement does, of course, recognize a defense of privilege, which in this case is a matter for the jury to consider. See Restatement (Second) of Torts § 46, comment g. The standards of Eastern Airlines, Inc. v. King have been satisfied in the present case, at least to the extent that there are disputed issues of material fact which entitle the Mallocks to go to the jury. 557 So.2d at 574-78; see also King v. Eastern Airlines, Inc., 536 So.2d 1023, 1034 (Fla. 3d DCA 1987) (en banc) (Schwartz, C.J., dissenting).[2]
The Mallocks also appeal the dismissal of their claim for damages for an alleged breach by the cemetery of the Mallocks' right of access pursuant to section 704.08, Florida Statutes (1987). That statute provides, in part, "The relatives and descendants of any person buried in a cemetery shall have an easement for ingress and egress for the purpose of visiting the cemetery at reasonable times and in a reasonable manner." Because the legislature employed the term "easement," the easement should be enforced in accordance with the principles applicable to easements generally. Injunctive relief and damages are *333 available where there has been temporary interference with an easement. See Rudene, Inc. v. Racine, 132 Fla. 739, 182 So. 433 (1938) (remanding for new trial on damages for breach of easement); Enos v. Casey Mountain, Inc., 532 So.2d 703, 706 (Fla. 5th DCA 1988) ("direct[ing] the lower court, on remand, to award damages for ... interference with ... implied easement"); Dawson v. Jones, 512 So.2d 311, 313 (Fla. 2d DCA 1987) (recognizing right of damages for temporary interference with easement; collecting cases); see also 1A R. Boyer, Florida Real Estate Transactions § 23.05, at 23-79 (1989).
This interpretation of section 704.08 is consistent with the criteria set forth in Fischer v. Metcalf, 543 So.2d 785 (Fla. 3d DCA 1989) (en banc) in that the Mallocks are members of the class for whose benefit the statute was enacted; the choice of the term "easement" indicates an intention that this right of access be treated in the same fashion as easements generally; and judicial implication of a right of action is consistent with the underlying purposes of the legislative scheme.[3] Because the amended complaint alleged a cause of action for violation of section 704.08, the motion to dismiss should have been denied.
We therefore reverse the judgment and remand for further proceedings.
NOTES
[1] Appellant Christine Lee Mallock was born in China and is a Buddhist.
[2] We conclude that neither the supreme court opinion, nor Chief Judge Schwartz' dissenting opinion referred to therein, is intended to require a physical impact where the elements of intentional (or reckless) infliction of emotional distress, as outlined in Eastern Airlines, Inc. v. King, are satisfied. See Eastern Airlines, Inc. v. King, 557 So.2d at 574-78 (majority opinion); id. 557 So.2d at 578-80 (Ehrlich, C.J., specially concurring); King v. Eastern Airlines, Inc., 536 So.2d at 1034 (Schwartz, C.J., dissenting).
[3] As the Mallocks have only requested damages, and have not requested prospective equitable relief, the sole question before us is whether the trial court erred in dismissing the Mallocks' claim for damages under section 704.08.