629 So.2d 201 (1993)
FOOD LION, INC. and Richard Walker, Appellants,
v.
Joseph P. CLIFFORD and Kristie Clifford, Appellees.
No. 93-813.
District Court of Appeal of Florida, Fifth District.
November 12, 1993.
Rehearing Denied December 28, 1993.
*202 Carol M. Bishop and Dennis R. Schutt of Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, for appellants.
William L. Townsend, Jr. and Robert L. McLeod, II of Walton, Townsend & McLeod, Palatka, for appellees.
COBB, Judge.
The issue on this appeal is whether the plaintiffs below (hereinafter Clifford) established a prima facie case based upon intentional infliction of mental distress, sometimes called the tort of outrage. We find that they did not.
Joseph Clifford, a deli employee of Food Lion, was observed consuming food products from the deli by the assistant store manager. A few days later, Food Lion's loss prevention agent, Richard Walker, arrived at the store to investigate the stealing of deli goods by employees. During interviews, Clifford generally admitted taking the food, which was valued at $10.00, without paying for it. The loss prevention agent concluded that Clifford had engaged in theft and presented him with three options. First, the loss prevention agent could report the incident to local authorities; second, the store could take disciplinary action up to and including termination; and third, Clifford was told he could execute a "loss prevention citation" which required reimbursement for the goods taken plus an additional $200.00 which purportedly was a form of civil restitution pursuant to section 772.11, Florida Statutes (1991).
Clifford subsequently agreed to pay $10.00 but refused to execute the citation because of the $200.00. The loss prevention agent then contacted the sheriff's office and reported the theft. Clifford was subsequently issued a notice to appear. He continued to work for Food Lion until January 5, 1991, when he was terminated. On February 25, 1991, the state filed an information charging Clifford with petit theft which the state later decided to nolle prosequi.
Clifford then filed a complaint for damages against Food Lion and the loss prevention agent for malicious prosecution and intentional infliction of emotional distress including a claim for punitive damages. At trial, all attempts by the appellants to obtain a directed verdict were rejected by the court. Ultimately, the jury rejected Clifford's claim of malicious prosecution, but found in his favor as to intentional infliction of emotional distress. Clifford was awarded compensatory damages and the jury found that the loss prevention agent's conduct did not warrant punitive damages, but that Food Lion's conduct, which consisted of directing the actions of Walker, did warrant punitive damages.
The appellants argue that the trial court erred in denying their motion for directed verdict because the conduct which was presented at trial did not rise to the level of outrageousness necessary to sustain an action for intentional infliction of emotional distress. We agree and reverse. We have long recognized that a cause of action for intentional infliction of emotional distress or outrage essentially involves the deliberate or reckless infliction of mental suffering on another. The elements of this cause of action are: (1) the wrongdoer's conduct was intentional or reckless; that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. Williams v. City of Minneola, 619 So.2d 983, 986 (Fla. 5th DCA 1993).
*203 In Food Fair, Inc. v. Anderson, 382 So.2d 150 (Fla. 5th DCA 1980), we embraced Comment (d) to section 46, Restatement (Second) of Torts (1965):
It has not been enough that the defendant has acted with an intention which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the act, and lead him to exclaim, "Outrageous!"
See also Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla. 1985).
In the instant case, Clifford concedes that Food Lion and Walker had the right to pursue civil damages for theft pursuant to section 772.11, Florida Statutes (1991). Clifford also concedes, as he must in light of the jury verdict, that there was probable cause for Walker to report the theft to the authorities and bring a criminal complaint against him. Clifford's argument, at least on appeal, is that by utilizing both of these rights in combination, Food Lion and Walker committed a form of extortion rising to the level of the tort of outrage. This is an innovative argument, but we must agree with the appellants that had the Legislature intended to make the two remedies (the civil theft statute and criminal prosecution) mutually exclusive, it should have done so in express fashion. It is simply illogical to say that Food Lion, having attempted unsuccessfully to utilize the civil theft statute, was therefore precluded from resorting to criminal prosecution, or vice versa. Nor can Clifford base his case on the fact that his employment was terminated, since he was an at-will employee, even if the theft accusation against him was false and the investigation of it insufficient. See Dowling v. Blue Cross of Florida, Inc., 338 So.2d 88 (Fla. 1st DCA 1976).
The conduct of the defendants in this case is analogous to the conduct of the defendant corporation and its agent in the case of Southland Corp. v. Bartsch, 522 So.2d 1053 (Fla. 5th DCA 1988). In that case, we stated that the tort of intentional infliction of emotional distress cannot stand where the offending conduct is privileged and the actor is never liable where he does no more than insist upon his legal rights in a permissible way, even though the actor is well aware that such insistence is sure to cause emotional distress.
Even if we were to find that Food Lion or Walker had somehow exceeded the bounds of propriety in their theft investigation, which we do not, it is clear that the conduct of the defendants herein simply does not rise to the level of outrageousness. See Food Fair, Inc., at 152, 153. The appellees rely heavily on Lashley v. Bowman, 561 So.2d 406 (Fla. 5th DCA 1990). That case is readily distinguishable in that it was an appeal from the trial court's granting of a motion to dismiss for failure to state a cause of action. Therefore, it reached this court based merely on the pejorative language in the complaint as opposed to an evidentiary ruling at trial or summary judgment hearing. Moreover, since Lashley was not an en banc opinion, it could not recede from our prior opinions in Food Fair or Southland Corp. In fact, it specifically disclaimed conflict with either. See Lashley at 409, 410.
Although not necessary to our disposition of this case, we note that the trial court also erred, given the jury instructions, in allowing punitive damages against Food Lion where the jury found its agent, Walker, not guilty of any punitive conduct. This case was not submitted to the jury on the basis of direct corporate liability. See Montgomery Ward and Co., Inc. v. Hoey, 486 So.2d 1368 (Fla. 5th DCA 1986).
Accordingly, the final judgment entered in favor of the plaintiffs below, as well as the order taxing costs, are reversed with instructions to the trial court to enter a directed *204 verdict and final judgment in favor of appellants.
REVERSED AND REMANDED.
DAUKSCH, J., concurs.
GRIFFIN, J., concurs in result only, without opinion.