707 So.2d 865 (1998)
Vivienne CLEMENTE and Jose Louis Herrada, Appellants,
v.
Donald E. HORNE and Dottie Lee Horne, Appellees
No. 97-2239.
District Court of Appeal of Florida, Third District.
March 4, 1998.
*866 Conlin & MacMahon, P.A. and John W. Conlin, Marathon, for appellants.
Greenman & Manz and Franklin D. Greenman, Marathon, for appellees.
Before SCHWARTZ, C.J., and GREEN and SHEVIN, JJ.
GREEN, Judge.
Vivienne Clemente and her former husband, Jose Louis Herrada appeal the involuntary dismissal with prejudice of their fourth amended action for intentional infliction of emotional distress against their former landlords. We affirm the dismissal.
The appellants/former tenants filed a two count fourth amended complaint predicated upon their constructive eviction from their leased residence as a result of the appellees' maintenance of the same in violation of numerous county and state fire safety and health laws. Specifically, the appellants alleged that the appellees knew that the property was below the flood elevation level required by FEMA, that the property was continuously in standing water, and that there was water in the electrical fixtures and lights. The appellants further claimed that the property was continuously infested with termites, a condition which was also known to the appellees. As a result of such fire safety laws and health violations, it was further alleged that the Monroe County Fire Marshall had directed the Florida Keys Electric Cooperative Association to terminate all electrical service to the premises rented by the appellants. Thus, the appellants allege that they were constructively evicted and were in a continuous state of severe emotional distress as a result of not having adequate alternative housing readily available to them and their five year old son.
In count one of their amended complaint, the appellants sought statutory damages for breach of their landlords' duties pursuant to section 83.67, Florida Statutes (1995). In count two, appellants sought damages for appellees' intentional infliction of emotional distress. The appellees moved for dismissal with prejudice of count two. The lower court dismissed count two with prejudice based upon the economic loss doctrine, and the appellants voluntarily dismissed count one. This appeal followed.
We deem it unnecessary to delve into the issue of whether this tort action is barred by the economic loss doctrine, based upon our legal conclusion that the allegations, taken as true, do not otherwise constitute the type of extreme conduct necessary to support a claim for the intentional infliction of emotional distress. The elements for this tort are:
(1) [T]he wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;
(2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
(3) the conduct caused emotional distress; and
(4) the emotional distress was severe.
Dominguez v. Equitable Life Assurance Soc'y of U.S., 438 So.2d 58, 59 (Fla. 3d DCA 1983), decision approved sub nom. Crawford & Co. v. Dominguez, 467 So.2d 281 (Fla.1985); see also State Farm Mut. Auto. Ins. Co. v. Novotny, 657 So.2d 1210, 1212 (Fla. 5th DCA 1995); Food Lion, Inc. v. Clifford, 629 So.2d 201, 202 (Fla. 5th DCA 1993), review dismissed, 632 So.2d 1025 (Fla. 1994). Contrary to appellees' assertion, proof of physical injury or impact is not necessary to sustain an action for the intentional infliction of emotional distress. See Restatement (Second) of Torts § 46 cmt. k *867 (1965); Williams v. City of Minneola, 575 So.2d 683, 693 (Fla. 5th DCA 1991) ("the `impact' rule is unrelated to emotional distress cases where intentional conduct or its equivalent is involved."); Mallock v. Southern Mem'l Park, Inc., 561 So.2d 330, 332, n. 2 (Fla. 3d DCA 1990); American Fed'n of Gov't Employees v. DeGrio, 454 So.2d 632, 638 (Fla. 3d DCA 1984), decision approved, 484 So.2d 1 (Fla.1986); Steiner & Munach, P.A. v. Williams, 334 So.2d 39, 42 (Fla. 3d DCA 1976); see also Eastern Airlines, Inc. v. King, 557 So.2d 574, 579 (Fla.1990) (Ehrlich, J., specially concurring).
Assuming, without deciding, that appellants have sufficiently pled elements one, three, and four of the tort, we do not believe that the conduct complained of by the appellants in this case rises to that level of extreme and outrageous conduct necessary to satisfy element two. According to the amended complaint, the source of the appellants' continuous emotional distress was being constructively evicted from the premises as a result of appellees' knowing failure to maintain the same in accordance with Florida law, and not having adequate alternative housing readily available to them. The Restatement (Second) of Torts defines extreme and outrageous conduct needed to support this tort as that which is
so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'
Restatement (Second) of Torts, § 46 cmt. d (1965); see also Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 278 (Fla.1985) (adopting Restatement language); see also Patterson v. Downtown Med. & Diagnostic Ctr., Inc., 866 F.Supp. 1379, 1383 (M.D.Fla. 1994) ("The standard for `outrageous conduct' is particularly high in Florida."). "It is not enough that the intent is tortious or criminal; it is not enough that the defendant intended to inflict emotional distress; and it is not enough if the conduct was characterized by malice or aggravation which would entitle the plaintiff to punitive damages for another tort." State Farm Mut. Auto., 657 So.2d at 1213 (citing Food Lion, 629 So.2d at 203; Restatement (Second) of Torts § 46).
The anxiety and/or stress associated with being constructively evicted from one's residence under the circumstances presented in this case, and not having suitable alternative housing is certainly understandable. It is not, however, the type of conduct that is so outrageous in character and so extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized community. Cf. Restatement (Second) of Torts § 46 cmt. d, illus. 1-3; Williams, 575 So.2d at 691 (police officers displayed autopsy photos and videotape of the plaintiffs' brother and son, both at a dinner party and at the chief of police's desk); Dependable Life Ins. Co. v. Harris, 510 So.2d 985, 988-89 (Fla. 5th DCA 1987) (insurance company agent threatened and harassed disabled policy holder in several "vicious verbal attack[s]"); Dominguez, 438 So.2d at 61-62 (agent of insurance company intentionally made false statements to the disabled plaintiff that plaintiff was no longer disabled, that she received a letter from her eye doctor asserting as such, and that she was no longer covered under her policy, and that she should surrender the policy); Kirkpatrick v. Zitz, 401 So.2d 850, 851 (Fla. 1st DCA), dismissed sub nom. Transamerica Ins. Co. v. Kirkpatrick, 411 So.2d 385 (Fla. 1981) (insurer of pet store deliberately exposed plaintiff to death by directing pet store owner not to tell plaintiff that the skunk, which bit her in the pet store, was lost prior to rabies incubation period). For this reason, we conclude that an action for the intentional infliction of emotional distress does not properly lie and the trial court's dismissal of this action must be affirmed.
Affirmed.