DAVIS, J.
Appellant, Virginia M. Carnesi, appeals the trial court’s order granting summary judgment to appellees, Ferry Pass United Methodist Church, Pensacola District United Methodist Conference, and the Alabama West Florida United Methodist Conference (“church defendants”). We affirm.
Carnesi filed a complaint against the church defendants and church volunteer Chet Harrison, who served as the chairman of the pastor parish relations committee (PPRC), a committee staffed by volunteers which hired Carnesi as a church secretary and bookkeeper and supervised her work. Carnesi alleges that Harrison sexually harassed her; she raises claims of a hostile work environment and quid pro quo sexual harassment pursuant to section 760.01, Florida Statutes ’ (1995), and assault, battery, and false imprisonment. The trial court granted the bhurch defendants’ motions for summary judgment on the authority of Doe v. Evans, 718 So.2d 286 (Fla. 4th DCA 1998), rev. granted, 735 So.2d 1284 (Fla.1999). Evans involves claims of breach of fiduciary duty, negligent hiring, supervision, retention, and outrage based upon a pastor’s sexual relationship with a parishioner. The Evans court concluded that all of the claims were barred by the excessive entanglement doctrine of the First Amendment because the determination of Doe’s claims would involve excessive governmental entanglement with religion.
Similarly, in the instant case, a determination of Carnesi’s claims — which are based upon the actions of a volunteer rather than another employee — will require a secular court to review and interpret church law, policies, and practices to determine whether an agency relationship existed between Harrison, the PPRC, and the church defendants, and whether the church defendants can be held liable for Harrison’s actions. We believe that, as in Evans, this examination would violate the First Amendment’s excessive entanglement doctrine. We therefore affirm.
AFFIRMED.
BROWNING, J., CONCURS. WOLF, J,, DISSENTS WITH OPINION.