826 So.2d 954 (2002)
Virginia M. CARNESI, Petitioner,
v.
FERRY PASS UNITED METHODIST CHURCH, Pensacola District of the Alabama West Florida United Methodist Conference, Alabama West Florida United Methodist Conference, and Chet Harrison, individually and as Past Parish Relations Committee Chairman, Respondents.
No. SC00-2579.
Supreme Court of Florida.
June 20, 2002.
Rehearing Denied September 11, 2002.
*955 Troy A. Rafferty and Timothy M. O'Brien of Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A., Pensacola, FL, for Petitioner.
William R. Mitchell and Stephen F. Bolton of Hook, Bolton, Mitchell, Kirkland & McGhee, on behalf of Ferry Pass United Methodist Church; Eric D. Stevenson and Michael W. Kehoe of Fuller, Johnson & Farrell, P.A., Pensacola, FL, on behalf of Pensacola District of the Alabama West Florida United Methodist Conference; and Kathy J. Maus, Kim E. Wells, and Michael G. Haire, Jr., of Butler Burnette Pappas LLP, Tallahassee, FL, on behalf of Alabama West Florida United Methodist Conference, Respondents.
Peter A. Miller of Conroy, Simberg & Ganon, Coral Gables, FL; and Robert S. Glazier, Miami, FL, for Church Mutual Insurance Company and Miami Shores Presbyterian Church, Amici Curiae.
PER CURIAM.
We have for review Carnesi v. Ferry Pass United Methodist Church, 770 So.2d 1286 (Fla. 1st DCA 2000), which cited as controlling authority Doe v. Evans, 718 So.2d 286 (Fla. 4th DCA 1998), quashed, 814 So.2d 370 (Fla.2002), which was then pending review in this Court. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla. 1981). On March 26, 2002, we entered an order directing the parties to show cause why the decision should not be quashed in light of our decisions in Doe v. Evans, 814 So.2d 370 (Fla.2002), and Malicki v. Doe, 814 So.2d 347 (Fla.2002).
Upon review of the responses to the March 26, 2002, order, the Court has determined that it should remand the case in light of our opinions in Evans and Malicki. Accordingly, the First District's decision in this case is quashed and this matter is remanded for proceedings consistent with our opinions in Evans and Malicki.
It is so ordered.
SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., dissents with an opinion.
HARDING, J., dissents with an opinion.
WELLS, C.J., dissenting.
I do not agree that this case should be quashed and remanded in light of Doe v. Evans, 814 So.2d 370 (Fla.2002), and Malicki v. Doe, 814 So.2d 347 (Fla.2002). I recognize that the district court cites to Evans in its opinion, and the majority of this Court quashed the Fourth District Court of Appeal's decision in Evans.
However, the issues in the present case involve the authority which the church conferred upon volunteers, which the district court's majority correctly concluded "will require a secular court to review and interpret church law, policies and practices to determine whether an agency relationship existed." This is indisputably correct, and I do not believe the decision in Malicki or Evans rendered it incorrect.
I would discharge jurisdiction. In this way a correct decision can remain in effect.
Moreover, I believe the majority's decision is confusing when it says, "[t]his matter is remanded for proceedings consistent with our opinions in Evans and Malicki." I do not understand what either the district court or the trial court is to do. I do not know whether this is intended to be a signal as to what to do about the agency issue or whether the lower courts are still free to find that they should not delve into church law and policy on the agency issue. I do not know on what basis the agency issue is to be decided. There was no agency issue in respect to the perpetrator of the sexual assault in Malicki or the *956 person allegedly romantically involved in Evans.
HARDING, J., dissenting.
Based on the reasons set forth in Malicki v. Doe, 814 So.2d 347, 367-70 (Fla. 2002) (Harding, J., dissenting), and Doe v. Evans, 814 So.2d 370, 381-83 (Fla.2002) (Harding, J., dissenting), I would approve the decision of the court below. Also, I join in Chief Justice Wells' concerns that the majority opinion creates considerable confusion and offers little guidance to the trial court on remand.