PER CURIAM.
We affirm the dismissal of count I of appellant’s complaint for failure to state a cause of action. The complaint describes a dispute between siblings over an inheritance. The facts as pled fell short of intentional infliction of emotional distress, since there was no conduct “so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.” Metro. Life Ins. Co. v. McCarson, 467 So.2d 277, 278-79 (Fla.1985) (quoting Restatement (Second) op ToRts § 46 (1965)).
We reverse the dismissal of count II, because it states a cause of action for slander. Paragraph iii of the second count alleges that appellee told a third party that appellant had forged a letter from his sister, upon which appellant -relied as proof of his claim. The statement that appellant was a forger stated a cause of action for slander. See Axelrod v. Califano, 357 So.2d 1048, 1050 (Fla. 1st DCA 1978). Defensive matters, such as the statute of limitations, may be considered in a motion for summary judgment.
Affirmed in part, reversed in part, and remanded.
STONE, WARNER and GROSS, JJ., concur.