889 So.2d 991 (2004)
Devil LeGRANDE and Eliamise LeGrande, his wife, Appellants,
v.
Joseph Johnson EMMANUEL and Jacques St. Louis, Appellees.
No. 3D03-3328.
District Court of Appeal of Florida, Third District.
December 22, 2004.
*993 Remer Georges-Pierre, P.A. and Anthony M. Georges-Pierre, Miami, for appellants.
Carl A. Richardson, for appellees.
Before GREEN, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Devil Legrande, a Baptist minister, and his wife Eliamise, sued two congregational members, appellees Joseph Johnson Emmanuel and Jacques St. Louis, for slander, slander per se, negligent infliction of emotional distress, intentional infliction of emotional distress, and loss of consortium. Prior to filing an answer, the appellees moved to dismiss the complaint with prejudice for failure to state a cause of action on various grounds. The trial court granted the motion and dismissed the action with prejudice. This appeal followed.
The bases for all of the counts in the complaint are encompassed in the following allegations:
7. On November 15, 2002, during a church meeting at New Bethany Baptist Mission Church, Inc. 6311 N.E. 2nd Avenue, Miami, Florida 33139, consisting of a congregation numbering at or about 250 persons in attendance, Defendants both spoke the following false and defamatory words in the congregation [sic] presence and hearing: "Pastor Legrande purchased a 2002 Mercedes in cash and used money he stole from the church to purchase the car." Moreover, Defendants referred to Pastor Legrande as "Satan" and "Makout" (name for oppressive secret police from Haitian dictator Duvalier's regime). Defendants further detailed that Plaintiff's name means Satan. Defendants knew of good name, credit, and reputation of Plaintiff on November 15, 2002 in which, among other things, the following false scandalous and defamatory statement concerning Plaintiff was made including maliciously intending to injure Plaintiff and to bring Plaintiff into public scandal and disgrace by publicly calling him a thief and creating and publishing specific instances of theft from the church by Plaintiff.
8. By these words, Defendants mean, and was so understood by those who heard the words, to charge that Plaintiff was "Satan" and a "Makout."
9. On the day of Defendants' false, slanderous, and defamatory statements concerning the plaintiff, plaintiff had for forty-five (45) years been a pastor and began New Bethany Baptist Mission church in 1988.
10. As a result of Defendants' false statements, plaintiff lost over sixty (60) percent of his congregation and his reputation and good name and reputation [sic] were destroyed, causing him to suffer great mental pain and anguish, all to his damage in the sum of $750,000.00. Also, as a result of Defendants' statements, Plaintiff has lost the consort, companionship, society, affection, services, and support of his spouse.
11. Moreover, as a result of the Defendants' statements and publication of said statements as described above, the Plaintiff suffered severe emotional damages *994 and resulting pain and suffering which still continues to this day. The emotional injuries sustained by Plaintiff are permanent. The Plaintiff has incurred medical bills and expenses and will incur the same in the future as well as lost income which will continue into the future. Plaintiff has suffered economic damages from said slanderous statements.
Based upon these allegations, the appellees moved to dismiss on the grounds that: (1) the complaint failed to state a cause of action for slander; intentional infliction of emotional distress; and negligent infliction of emotional distress; (2) the First Amendment barred the court from resolving this dispute and (3) the plaintiffs failed to join the church and the Florida Baptist Convention as indispensable parties.
We, first of all, reverse the dismissal of the counts for slander and slander per se because they state a cause of action. The allegation that the appellees told third parties that Pastor Legrande purchased a 2002 Mercedes with cash stolen from the church is legally sufficient to state a cause of action for slander. See Shedeke v. Gomez, 837 So.2d 1122, 1122 (Fla. 4th DCA 2003) ("The statement that appellant was a forger stated a cause of action for slander"); Axelrod v. Califano, 357 So.2d 1048, 1050 (Fla. 1st DCA 1978) (holding that a publication that falsely and maliciously charges another with the commission of a crime, i.e. theft, is actionable per se.) Bobenhausen v. Cassat Ave. Mobile Homes, Inc., 344 So.2d 279, 281 (Fla. 1st DCA 1977) ("[s]poken words falsely imputing a criminal offense to another [, i.e. `thief' and a crook,] are actionable per se.").
Moreover, we do not think that it can be concluded from the face of these allegations that the First Amendment is a bar to this litigation. Because the well-pled bare allegations of the complaint preliminarily reveal that this suit involves a neutral principle of tort law that does not involve "excessive" entanglement in internal church matters or in the interpretation of religious doctrine or ecclesiastical law, the dismissal of this complaint, at this stage of the proceedings, on First Amendment grounds was error.[1]See Malicki v. Doe, 814 So.2d 347 (Fla.2002); Doe v. Evans, 814 So.2d 370 (Fla.2002); Carnesi v. Ferry Pass United Meth. Church, 826 So.2d 954 (Fla.2002), cert. denied Ferry Pass United Meth. Church v. Carnesi, 537 U.S. 1190, 123 S.Ct. 1270, 154 L.Ed.2d 1023 (2003).
We do, however, affirm the trial court's dismissal of the count for intentional infliction of emotional distress. We do not believe that the conduct complained of, taken as true, rises to the level of extreme conduct necessary to support a claim for the intentional infliction of emotional distress. The elements for this tort are:
(1) The wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;
(2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
(3) the conduct caused emotion distress; and
(4) the emotional distress was severe.
*995 Clemente v. Horne, 707 So.2d 865, 866 (Fla. 3d DCA 1998). As we held in Clemente, the allegations in this case fail to rise to that level of extreme and outrageous conduct necessary to satisfy element two. Id. The Restatement of Torts, defines the requisite extreme and outrageous conduct as that which is
so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'
RESTATEMENT (SECOND) of Torts, § 46 cmt. d (1965). Although we recognize that being branded a thief in front of one's parishioners might certainly be unsettling, embarrassing, and/or humiliating for a member of the clergy, we do not believe that this alleged conduct is the type of extreme and outrageous conduct needed to support a claim for the intentional infliction of emotional distress as a matter of law. Id. See, e.g., Shedeke v. Gomez, 837 So.2d 1122, 1123 (Fla. 4th DCA 2003).
We likewise affirm the dismissal of the count for negligent infliction of emotional distress. The elements required for this cause of action are: (1) the plaintiff must suffer a discernable physical injury; (2) the physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person. See Zell v. Meek, 665 So.2d 1048, 1052 (Fla.1995). In the instant case, the appellant pastor alleges that as a result of the appellee's alleged slanderous statement, his pre-existing diabetes condition was aggravated; he experienced memory loss; and he lost over sixty-percent (60%) of his congregation. These allegations are wholly insufficient to state a cause of action for the negligent infliction of emotional distress. It is clear that this tort is wholly inapplicable to the gravamen of this action. We therefore affirm the dismissal of this count with prejudice.
Finally, the appellees argued for the dismissal of the complaint below on the grounds that the appellants failed to join the church and the Florida Baptist Convention as indispensable parties to this action pursuant to Florida Rule of Civil Procedure 1.140(b). In support of this argument, in their motion, the appellees went outside of the allegations contained in the four corners of the complaint and asserted that:
The [alleged] statements as presented and recorded were prepared by the aggrieved congregational members of the Church consisting of up to 80% of the Church body and were read at the meeting by Defendant EMMANUEL, a member of the Church designated to present such statements on behalf of the Church, New Bethany Baptist Mission Church....
Further, the appellees asserted that the subject church meeting was convened and/or officiated by the Florida Baptist Convention. For these reasons, the appellees maintained that this cause could not proceed without the joinder of New Bethany Baptist Mission Church and the Florida Baptist Convention.
Although Rule 1.140 certainly provides that the failure to join indispensable parties may be raised by motion, we believe that the question of whether the church and the Florida Baptist Convention are indispensable parties to this suit would be better raised as a matter of an affirmative defense in an answer. See City Nat'l Bank of Miami v. Simmons, 351 So.2d 1109, 1110 (Fla. 4th DCA 1977). That is *996 because on a motion to dismiss, the trial court's function is to determine whether the allegations contained in the four corners of the complaint state a cause of action. See Goodman v. Habif, 424 So.2d 171, 172 (Fla. 3d DCA 1983). Unless affirmative defenses appear on the face of the complaint, they may not be considered on a motion to dismiss. Id.
As the supreme court has instructed:
[T]he plaintiff should not have the burden of anticipating a defense and then overcoming it in his initial pleading. Furthermore the burden is on the defendant to prove his affirmative defenses, which cannot be done in proceedings on a motion to dismiss.
See Hough v. Menses, 95 So.2d 410, 412 (Fla.1957) (citations omitted).
In the instant case, since it does not conclusively appear from the face of the complaint that either the church and/or the Florida Baptist Convention are indispensable parties to this action, this action should not be dismissed on these grounds at this junction. Therefore, to the extent that the trial court's dismissal of this action was premised on these grounds, it is reversed without prejudice to the appellees to raise and prove this defense by way of an affirmative defense.
For all of the foregoing reasons, we therefore reverse the dismissal of the defamation counts and the dismissal of the action for failing to join indispensable parties. We affirm the dismissal of the counts for intentional infliction of emotional distress and the negligent infliction of emotion distress.
Reversed and remanded in part. Affirmed in part.
NOTES
[1] Our reversal is of course without prejudice for the appellees to assert any excessive entanglement claims in a summary judgment proceeding if the evidence so warrants. See The House of God Which is The Church of the Living God, The Pillar and Ground of the Truth Without Controversy, Inc. v. White, 792 So.2d 491, 495 (Fla. 4th DCA 2001). We, however, express no opinion as to the merits of any such assertion at this juncture.