970 So.2d 470 (2007)
James A. GALLOGLY, Appellant,
v.
Rene RODRIGUEZ, Bruce Ashley, and Keith Hamilton, Appellees.
No. 2D06-5118.
District Court of Appeal of Florida, Second District.
December 12, 2007.
*471 Jeffrey A. Blau, Tampa, for Appellant.
Jason G. Gordillo, Tampa, for Appellee Rene Rodriguez.
Jason D. Montes and Anthony J. Petrillo of Luks, Santaniello, Perez, Petrillo & Gold, P.A., Tampa, for Appellees Bruce Ashley and Keith Hamilton.
PER CURIAM.
James A. Gallogly seeks review of the trial court's order dismissing his amended complaint for intentional infliction of emotional distress with prejudice. Gallogly argues that the trial court erred in concluding that the alleged conduct by defendants Rene Rodriguez, Bruce Ashley, and Keith Hamilton is not the type of extreme and outrageous conduct needed to support a claim for intentional infliction of emotional distress as a matter of law. We agree and reverse.
The elements of the tort of intentional infliction of emotional distress are:
(1) The wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;
(2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
(3) the conduct caused emotion[al] distress; and
(4) the emotional distress was severe.
LeGrande v. Emmanuel, 889 So.2d 991, 994-95 (Fla. 3d DCA 2004) (quoting Clemente v. Horne, 707 So.2d 865, 866 (Fla. 3d DCA 1998)). The Restatement of Torts defines the type of outrageous conduct needed to support the second element of the tort:
It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized *472 by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"
Restatement (Second) of Torts § 46 cmt. d (1965).
Gallogly's complaint alleged that defendants Rodriguez, Ashley, and Hamilton, who were police officers, conducted a continuing campaign of harassment by running a drug and prostitution ring out of Gallogly's bottle club and refusing to investigate illegal activities inside or associated with the bottle club while harassing Gallogly and his employees to ensure their silence. While the veracity of Gallogly's allegations is certainly questionable, we are required to accept his allegations as true for purposes of the motion to dismiss. See Hernandez v. Tallahassee Med. Ctr., Inc., 896 So.2d 839, 841 (Fla. 1st DCA 2005).
We are also required to give greater weight to the fact that the defendants had actual or apparent authority over Gallogly as police officers. "The extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests." Restatement (Second) of Torts § 46 cmt. e (1965). The following illustration in the Restatement is helpful:
5. A, a private detective, calls on B and represents himself to be a police officer. He threatens to arrest B on a charge of espionage unless B surrenders letters of a third person which are in her possession. B suffers severe emotional distress and resulting illness. A is subject to liability to B for both.
The alleged police conduct in this case is comparable to the extortion in the above illustration and in Lashley v. Bowman, 561 So.2d 406 (Fla. 5th DCA 1990). The complaint in Lashley was filed after a customer was arrested for failing to pay her bill at a restaurant. Id. at 407. The customer had ordered lobster but asserted it was frozen in the middle. She asked the server if she could substitute fried shrimp for the frozen lobster, but the server replied that the customer would have to pay for both meals. The customer asked for the manager, who sent the lobster back to be recooked. When the customer asserted that she did not want the lobster recooked, the manager told her he would call the police if she did not pay for the lobster. The customer asserted that the lobster was still undercooked when it was returned to her, and she told the manager that it was not edible and she would not pay for it. The manager again threatened to call the police if the customer did not pay, and she called his bluff. The manager did call the police, and the customer was arrested in the restaurant for defrauding an innkeeper.
After the charges were dropped, the customer sued the manager. Id. at 408. The trial court granted summary judgment for the manager on the customer's intentional infliction of emotional distress claim, but the Fifth District reversed. Id. at 408-10. The court held that the manager's actions in extorting money from the customer for inedible food were sufficiently outrageous to meet the standard for *473 recovery for intentional infliction of emotional distress. Id. at 410.
As in the Restatement illustration and Lashley, there existed a relationship of authority in this case that would lead Gallogly to believe he was subject to arrest for not giving in to the demands of the defendants. In fact, the alleged conduct in this case is more egregious than that in the illustration or in Lashley because it goes further than a single threat and encompasses a campaign of extortion by police officers that led to the demise of Gallogly's business. This conduct, if proven, goes beyond the bounds of decency and would cause the average member of the community to exclaim, "Outrageous." Accordingly, the trial court erred in concluding that the alleged conduct does not support a claim for intentional infliction of emotional distress as a matter of law.
Reversed.
NORTHCUTT, C.J., and STRINGER and VILLANTI, JJ., Concur.