LaROSE, Judge.
 

 Jay Alan Myers appeals a final summary judgment entered in favor of Jim Russo Prison Ministries, Inc. (Russo). Upon release from prison, Mr. Myers began a three-month stay at a Russo facility that provided life skills training and substance abuse recovery under DOC supervision. Mr. Myers sued Russo for gross negligence, breach of contract, defamation, and slander arising from Mr. Myers’ stay at the facility. We are compelled to reverse as to the slander claim. We affirm as to all other issues without further discussion.
 

 Mr. Myers alleged that a Russo employee slandered him by telling the police, his probation officer, his employer, the staff of his new residential facility, a hospital, his mother, and his girlfriend that he stole a television set and VCR from Russo. Mr. Myers claims that these statements were false. Allegedly, Russo’s house manager reported the theft to the police. No evidence was found, no charges were filed, and the police, Russo, and its insurer did not pursue the matter.
 

 The trial court properly ruled that the alleged statements to the police and the probation officer were qualifiedly privileged.
 
 See Fridovich v. Fridovich,
 
 598 So.2d 65, 69 (Fla.1992) (holding that defamatory statements that private individuals made to police or state’s attorney prior to institution of criminal charges are quali-fiedly privileged where statements relate to subject of investigation and not made with express intent to injure reputation).
 

 The trial court also ruled that Mr. Myers suffered no damages because the police did not arrest him, the hospital did not refuse to treat him, his employer did not fire him, the new residential facility allowed him to stay, his probation officer did not violate him, and his relationships with his mother and girlfriend did not change. Mr. Myers argues that the alleged slander caused those who heard it to treat him with extreme scrutiny and caused him to suffer mental anguish, fear, anxiety, and stress.
 

 Even if Mr. Myers’ evidence failed to prove actual money damages, a jury could find Russo liable for nominal damages. “One who is liable for a slander actionable per se or for a libel is liable for at least nominal damages.”
 
 Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan,
 
 629 So.2d 113, 116 n. 4 (Fla.1994) (quoting Restatement (Second) of Torts § 558 (1977)). Spoken words falsely stating that another committed a criminal offense are actionable per se.
 
 LeGrande v. Emmanuel,
 
 889 So.2d 991, 994 (Fla. 3d DCA 2004). Therefore, as it relates to the statements allegedly made to the hospital, the employer, the new residential facility, the mother, and the girlfriend, we reverse the summary judgment as to the slander claim.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 NORTHCUTT, C.J., and SILBERMAN, J., Concur.