# Third District Court of Appeal

## State of Florida

Opinion filed November 27, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0984
Lower Tribunal No. 19-37110
_____

**Gabriela Arevalo,**
Appellant,

vs.

**Menada, Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Scott M. Sandler, P.A., and Scott M. Sandler and Logan W. Sandler; Podhurst Orseck, P.A., and Christina H. Martinez, for appellant.

Lewis Brisbois Bisgaard & Smith LLP, and Todd R. Ehrenreich and Caroline Sand and Aaron L. Graubert, for appellee.

Before FERNANDEZ, BOKOR and GOODEN, JJ.

PER CURIAM.

Affirmed. See Greenshields v. Greenshields, 312 So. 3d 161, 166 (Fla. 5th DCA 2021) ("[A] claim has a logical relationship to the original claim if it *arises* out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.") (quoting Londono v. Turkey Creek, Inc., 609 So. 2d 14, 20 (Fla. 1992)); Knowles v. Beverly Enters-Fla., Inc., 898 So. 2d 1, 5 (Fla. 2004) (explaining that when a statute's language is unambiguous, the statute should be given its obvious meaning); see also LeGrande v. Emmanuel, 889 So. 2d 991, 994 (Fla. 3d DCA 2004) (explaining that "outrageous" conduct must "go beyond all bounds of decency" and it must "be regarded as odious and utterly intolerable in a civilized community") (quoting Clemente v. Horne, 707 So. 2d 865, 866 (Fla. 3d DCA 1998)); Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277, 279 (Fla. 1985) (holding that an actor is not liable "where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress" (quotation omitted)).