792 So.2d 491 (2001)
The HOUSE OF GOD WHICH IS THE CHURCH OF THE LIVING GOD, THE PILLAR AND GROUND OF THE TRUTH WITHOUT CONTROVERSY, INC., Petitioner,
v.
Ashanta WHITE and Semmie Taylor, Respondents.
No. 4D00-2744.
District Court of Appeal of Florida, Fourth District.
February 7, 2001.
Robert S. Glazier and Sarah Helene Sharp of Law Office of Robert S. Glazier, Miami, and Peter A. Miller of Conroy, Simberg & Ganon, Coral Gables, for petitioner.
Timothy L. Bailey of Bailey and Bailey, P.A., Pompano Beach, for respondents.
PER CURIAM.
In this petition for writ of prohibition, The House of God Which is the Church of the Living God, The Pillar and Ground of the Truth, Without Controversy, Inc. (House of God), contends that the circuit court lacks subject matter jurisdiction to proceed with a lawsuit brought against it by Respondent, Ashanta White (White), because respondent's claims are barred by the First and Fourteenth Amendments of *492 the United States Constitution and Article I, section 3 of the Florida Constitution.
The House of God is a church located in Pompano Beach, Broward County, Florida. Respondent Semmie Taylor is pastor of the church. Respondent White, a church member, sued Pastor Taylor and the House of God, alleging that Pastor Taylor called her a "slut" while standing at the church altar in front of the other clergy and church parishioners. Count I of the complaint pleads a slander action against Pastor Taylor based on the common law of defamation. Count II pleads a slander action against the church based on a theory of vicarious liability, or respondeat superior. Count III pleads a negligence action against the church on a theory of negligent retention and control of the pastor. In Count III, respondent alleges that the church was negligent in failing to control the pastor, when it knew or should have known that the pastor was an employee presenting a high risk of harm to parishioners and requiring supervision and control. Respondent further alleges that the church breached its duty to control the pastor by failing to take reasonable measures necessary to prevent the alleged slander on which the lawsuit is based.
The House of God moved to dismiss the complaint on the ground that the lawsuit would require inquiry into the church's religious doctrines and concepts. Additionally, the church argued that consideration of the claim for negligent failure to control would interfere with the church's internal governance. According to the church, the court's consideration of these matters would violate the First and Fourteenth Amendments of the United States Constitution and Article I, section 3 of the Florida Constitution. The trial court heard argument on the motion to dismiss and denied it in an order dated July 7, 2000. Petitioner church now seeks prohibition barring the court from continuing to exercise subject matter jurisdiction over the complaint.
Prohibition lies where a petitioner has demonstrated that a trial court lacks subject matter jurisdiction over a lawsuit. English v. McCrary, 348 So.2d 293 (Fla. 1977). It has been invoked successfully in cases in which a party challenges a court's subject matter jurisdiction to entertain a dispute involving religious doctrine. See, e.g., Archdiocese of Miami v. Sama, 519 So.2d 28 (Fla. 3d DCA 1987), rev. denied, 529 So.2d 695 (Fla.1988).
Petitioner makes three claims in support of prohibition. First, the church argues that the First Amendment limits the subject matter jurisdiction of courts to decide lawsuits such as this because they require inquiry into the validity of a religious assertion, or inquire into or review the internal religious decision-making of religious institutions. Second, the church argues that respondent's claims are barred because they require determination of the reasonableness of church doctrine and articles of faith. It argues that use of the word "slut" may have a different meaning within the context of the church than it may have in the secular world. Petitioner also argues that there may be a qualified privilege to utter the allegedly defamatory statement; however, assertion of a privilege constitutes an affirmative defense rather than a basis for prohibition based on lack of subject matter jurisdiction. Petitioner's third and final claim is that the circuit court lacks subject matter jurisdiction over the claim for negligent failure to control the pastor, as set forth in Count III, because this would require the trial court to delve into the constitutionally protected relationship between a church and its spiritual leaders.
The First Amendment to the United States Constitution provides that "Congress *493 shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...." Florida's Constitution contains a similar provision. Art. I, § 3, Fla. Const. ("There shall be no law respecting the establishment of religion or prohibiting or penalizing the free exercise thereof."). Courts have recognized that, although the freedom of religious beliefs guaranteed by the First Amendment is absolute, conduct based on said beliefs is nevertheless subject to regulation for the protection of society. Reynolds v. United States, 98 U.S. 145, 25 L.Ed. 244 (1878). Thus, courts have struggled to balance the need to protect society by regulating matters subject to the First Amendment with the need to avoid excessive entanglement in the doctrines and internal policies of religious institutions.
Excessive entanglement with religion occurs when the courts begin to review and interpret a church's constitution, laws, and regulations. The First Amendment prohibits courts from resolving doctrinal disputes or determining whether a religious organization acted in accordance with its cannons and bylaws. Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971) (additional citations omitted). As to excessive governmental entanglement with religion, the court in L.L.N. v. Clauder, 209 Wis.2d 674, 563 N.W.2d 434, 440 (1997) noted:
It is well-settled that excessive governmental entanglement with religion will occur if a court is required to interpret church law, policies, or practices; therefore, the First Amendment prohibits such an inquiry. However, it is equally well-settled that a court may hear an action if it will involve the consideration of neutral principles of law.
(Citations omitted).
Petitioner argues that the trial court will necessarily involve itself in interpreting church doctrine in trying this lawsuit and will thereby violate the doctrine of separation of church and state. As authority, petitioner mainly relies on Doe v. Evans, 718 So.2d 286 (Fla. 4th DCA 1998), rev. granted, 735 So.2d 1284 (Fla.1999). In Evans, we affirmed a trial court order dismissing claims of breach of fiduciary duty, negligent hiring, supervision and retention, and outrage, based on a pastor's sexual relationship with a parishioner. We held that the First Amendment barred the former parishioner's claims, as conduct in determining whether to hire or retain a minister, or conduct in supervising a minister, is guided by religious doctrine and practice. The determination of whether such conduct was reasonable would necessarily entangle the trial court in issues of the church's religious laws, practices and policies. We also held that the First Amendment barred the former parishioner's claim against the church defendants for breach of fiduciary duty, as the definition of duty would necessarily involve the court in reviewing and interpreting church practices, doctrines and beliefs. However, in Evans, we recognized that a claim for intentional infliction of emotional distress may be asserted and liability imposed where the conduct has been so outrageous in character and extreme in degree as to exceed all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. See Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985). See also Doe v. Malicki, 771 So.2d 545 (Fla. 3d DCA 2000)(claims of negligent hiring and supervision, respondeat superior, and breach of implied contract based on sexual assault by priest were not barred by First Amendment).
In Malicki, the plaintiffs alleged that they were both employees and parishioners *494 of the defendant church, that they were sexually assaulted and/or battered by Father Malicki while working at the defendant church, and that, despite knowing that Father Malicki had committed several sexual assaults and/or batteries, defendants retained him as a priest and allowed him to supervise the plaintiffs. The third district stated:
The issue to be determined by the court, therefore, is whether the defendants had reason to know of Father Malicki's misconduct and did nothing to prevent reasonably foreseeable harm from being inflicted upon the plaintiffs. This determination is one governed by tort law and does not require inquiry into the religious doctrines and practices of the Catholic church.
After reviewing the allegations of the complaint, the trial court denied petitioner's motion to dismiss, determining that the court need not get involved in interpreting church law or policies to properly rule on the motion. The court noted that the complaint made no mention of church policy or doctrine but simply alleged that the petitioner church failed to properly supervise and control its pastor-employee. The court opined that it could avoid interpreting ecumenical or church law at this stage of the proceedings and could later reassess any First Amendment entanglement issues in adjudicating a motion for summary judgment.
However, as we suggested in Doe v. Evans, a motion to dismiss can be a proper vehicle for raising First Amendment issues as a bar to the type of claims alleged herein. See Goodman v. Temple Shir Ami, Inc., 712 So.2d 775 (Fla. 3d DCA 1998), appeal dismissed, 737 So.2d 1077 (Fla.1999), cert. denied, 528 U.S. 1075, 120 S.Ct. 789, 145 L.Ed.2d 666 (2000)(finding that although trial court had subject matter jurisdiction over rabbi's breach of contract claim, the court lacked jurisdiction over his complaint for defamation and tortious interference because resolving these disputes would require the court to become excessively entangled with religious beliefs).
Recently, in Kond v. Mudryk, 769 So.2d 1073 (Fla. 4th DCA 2000), this court affirmed a trial court's dismissal of complaints against a Ukranian Church and others for declaratory relief, slander, and intentional infliction of emotional distress. We determined that the substantive issues raised in the declaratory relief and slander causes of action would require excessive entanglement with church policies, doctrines and beliefs, contrary to the First Amendment.[1]
Similarly, Counts II and III of the complaint in this case would require excessive entanglement with church policies, practices, and beliefs as they involve claims against the church for slander and negligent failure to supervise and control the pastor. As we said in Doe v. Evans:
In a church defendant's determination to hire or retain a minister, or in its capacity as supervisor of that minister, a church defendant's conduct is guided by religious doctrine and/or practice. Thus, a court's determination regarding whether the church defendant's conduct was "reasonable" would necessarily entangle the court in issues of the church's religious law, practices, and policies. "Hiring" in a traditional sense does not occur in some religions, where a person is ordained into a particular position in the church, and assigned to one parish *495 or another. A court faced with the task of determining a claim of negligent hiring, retention, and supervision would measure the church defendants' conduct against that of a reasonable employer; a proscribed comparison.
Accordingly, we grant the petition for writ of prohibition as to Counts II and III of the complaint. Because we do not find a First Amendment bar to Count I, the defamation claim against the pastor individually, we deny the petition as to Count I, without prejudice to Pastor Taylor's right to assert any excessive entanglement claims in a summary judgment proceeding.[2]
DELL, POLEN and TAYLOR, JJ., concur.
NOTES
[1] The dismissal of the claim of intentional infliction of emotional distress was affirmed on other grounds.
[2] We note that our decision in Doe v. Evans bore only upon the dismissal of claims against the church defendants and did not concern maintenance of an action against the individual pastor.