PER CURIAM.
With no word of explanation, the trial court dismissed a five-count amended complaint brought by appellants against appel-lees Harris and MOPED of Jacksonville. These appellees sought dismissal, complaining both that the individual plaintiffs did not have standing to sue, and that the amended complaint failed to state a cause of action. Appellees now concede, however, that their real problem is that plaintiffs seek recovery both as individuals and on a derivative basis on behalf of the church corporation. Similarly, as to the issue of whether the complaint states a cause of action, appellees reiterate that the individual plaintiffs have no standing to bring a suit against the defendants, but specifically do not contend that the church corporation has failed to state a cause of action.
The amended complaint is anything but a model of clarity. Nevertheless, the complaint sets forth sufficient allegations of ultimate fact to withstand a motion to dismiss for failure to state a cause of action. Also, the complaint should have not been dismissed on the grounds of the individual plaintiffs’ standing, because appellees concede that the church, at the very least, has standing. We agree with this and we do not make a binding determination as to whether the individual plaintiffs, or any of them may sue in their individual capacity. This matter must be examined by the trial court on remand because it does not appear that the trial court has ruled directly on this question. Although reversing the order on appeal, we do not foreclose the possibility that the trial court may take reasonable steps to corral this litigation into a manageable and understandable form. For instance, the individual plaintiffs will need to make proper allegations of individual claims that would give them standing to sue Pastor Harris, or they will have to make such allegations as make it clear that they are bringing the action in their derivative capacity on behalf of the church. If, *522 in fact, the church is capable of bringing the action, and will bring the action on its own behalf, and in the best interest of the church corporation, we would see no need for the individual plaintiffs to bring any derivative action. See Salit v. Ruden, McClosky, Smith, Schuster, & Russell, P.A., 742 So.2d 381; 388 (Fla. 4th DCA 1999) (noting that a derivative action is appropriate “where the corporation, because it is controlled by the wrongdoers or for other reasons, fails and refuses to take appropriate action for its own protection”). If the individual plaintiffs are unable to state claims on their own behalf, then the trial court may dismiss their actions in favor of an action by the church.
REVERSED and REMANDED for further proceedings.
KAHN, WEBSTER and VAN NORTWICK, JJ., concur.