862 So.2d 842 (2003)
SOUTHEASTERN CONFERENCE ASSOCIATION OF SEVENTH-DAY ADVENTISTS, INC., Petitioner,
v.
Pastor Keith A. DENNIS, Respondent.
No. 4D03-890.
District Court of Appeal of Florida, Fourth District.
December 10, 2003.
*843 Ronald P. Ponzoli, Jr., of Richman, Greer, Weil, Brumbaugh, Mirabito & Christensen, P.A., West Palm Beach, for petitioner.
George W. Bush, Jr., Palm Beach Gardens, for respondent.
HAZOURI, J.
Petitioner, Southeastern Conference Association of Seventh Day Adventists, Inc., seeks to have this court prohibit the Palm Beach County Circuit Court from exercising jurisdiction in connection with a negligence claim brought against it by respondent, Pastor Keith A. Dennis. We grant the petition for writ of prohibition and hold that the trial court does not have jurisdiction over the dispute between petitioner and respondent because the resolution of the dispute would entangle the civil court in the ecclesiastical and ministerial decisions of the petitioner.
The petitioner is a church whose general purpose is to coordinate a Christian ministry. Respondent is an ordained minister with The Seventh-Day Adventists, Inc., and an employee of the petitioner. The respondent and his wife filed a ten-count complaint against numerous defendants, including the petitioner. The complaint sought trial by jury. The claim against the petitioner is addressed in Count I.
Count I of the complaint alleges that the petitioner failed to follow its own internal church procedures in dealing with allegations made against the respondent by a member of the respondent's congregation charging the respondent with having made unwelcome, sexually-suggestive overtures.[1]
The First Amendment and the ecclesiastical abstention doctrine preclude *844 civil courts from inquiring into ecclesiastical matters. Courts may not consider employment disputes between a religious organization and its clergy because such matters necessarily involve questions of internal church discipline, faith, and organization that are governed by ecclesiastical rule, custom, and law. See Gonzalez v. Roman Catholic Archbishop of Manila, 280 U.S. 1, 16, 50 S.Ct. 5, 74 L.Ed. 131 (1929); see also Gellington v. Christian Methodist Episcopal Church, Inc., 203 F.3d 1299, 1304 (11th Cir.2000). Whether an individual is qualified to be a clergy member of a particular faith is a matter to be determined by the procedures and dictates of that particular faith. See Gonzalez, 280 U.S. at 16, 50 S.Ct. 5; see also Rayburn v. Gen. Conference of Seventh-Day Adventists, 772 F.2d 1164, 1169 (4th Cir.1985). Civil courts may not inquire into internal organizational disputes between different factions of a religious organization or into property disputes that would require interpreting religious doctrine or practice. See Serbian E. Orthodox Diocese v. Milivojevich, 426 U.S. 696, 709, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976); Crowder v. S. Baptist Convention, 828 F.2d 718, 726 (11th Cir.1987).
Civil courts must accept "the decisions of the highest judicatories of a religious organization of hierarchical polity on matters of discipline, faith, internal organization, or ecclesiastical rule, custom, or law." See Milivojevich, 426 U.S. at 713, 96 S.Ct. 2372. However, when a church-related dispute can be resolved by applying neutral principles of law without inquiry into religious doctrine and without resolving a religious controversy, the civil courts may adjudicate the dispute. See Jones v. Wolf, 443 U.S. 595, 602-04, 99 S.Ct. 3020, 61 L.Ed.2d 775 (1979).
The question in the instant case is whether the circuit court can adjudicate a claim against a religious organization based on its alleged negligence in suspending one of its clergy. "[W]here religious organizations establish rules for their internal discipline and governance, and tribunals for adjudicating disputes over these matters, `the Constitution requires that civil courts accept their decisions as binding upon them.'" See Crowder, 828 F.2d at 724 (quoting Milivojevich, 426 U.S. at 723, 96 S.Ct. 2372). The interaction between a church and its pastor is an essential part of church government. See Simpson v. Wells Lamont Corp., 494 F.2d 490, 493 (5th Cir.1974). In particular, "a minister's employment relationship with his church implicates `internal church discipline, faith, and organization, all of which are governed by ecclesiastical rule, custom, and law.'" See Lewis v. Seventh Day Adventists Lake Region Conference, 978 F.2d 940, 942 (6th Cir.1992) (quoting Hutchison v. Thomas, 789 F.2d 392, 396 (6th Cir.1986)). Thus, civil courts must abstain from deciding ministerial employment disputes or reviewing decisions of religious judicatory bodies concerning the employment of clergy, "because such state intervention would excessively inhibit religious liberty." Id.; see generally Milivojevich, 426 U.S. at 709, 96 S.Ct. 2372 (setting forth the abstention doctrine).
The writ of prohibition is granted.
GROSS and TAYLOR,[*] JJ., concur.
NOTES
[1] Since we are granting the writ of prohibition, we need not address whether Count I states a viable cause of action.
[*] TAYLOR, J., participated in a portion of oral argument, but has had the opportunity to review the entire proceedings.