954 So.2d 640 (2007)
ARCHDIOCESE OF MIAMI, INC., Petitioner,
v.
Yolanda G. MIÑAGORRI, Respondent.
No. 3D06-3015.
District Court of Appeal of Florida, Third District.
March 14, 2007.
Rehearing Denied May 18, 2007.
*641 J. Patrick Fitzgerald and Roberto J. Diaz, Miami; Gaebe, Mullen, Antonelli, Esco & Dimatteo and Benjamin M. Esco, Coral Gables, for petitioner.
Eddy O. Marban, for respondent.
Before RAMIREZ, WELLS, and LAGOA, JJ.
WELLS, Judge.
The Archdiocese of Miami, Inc. seeks to prohibit the court below from entertaining Yolanda Miñagorri's whistleblower claim stemming from an altercation between Miñagorri and her immediate supervisor. See §§ 448.101-.105, Fla. Stat. (2006) (Florida's Private Sector Whistleblower Act). We grant relief but withhold our writ on the assumption that the court below will comply with this opinion.
Miñagorri's complaint alleges that in August 2005, while the principal of St. Kevin Catholic School, Miñagorri was assaulted and battered when Father Jesus Saldaña, her immediate supervisor, grabbed her by the arm and verbally threatened her. According to Miñagorri, when she complained to the Archdiocese about Father Saldaña's behavior, the Archdiocese retaliated by terminating her employment.
In count II of her four count complaint, Miñagorri makes a Private Sector Whistleblower Act claim under section 448.102(3), which prohibits employers from taking retaliatory action against employees who object to or refuse to participate in activities, policies or practices of the employer which are "in violation of a law, rule, or regulation." § 448.102(3), Fla. Stat. (2006). Miñagorri seeks equitable and monetary relief provided under the Act, including front pay and reinstatement to her position. § 448.103(2), Fla. Stat. (2006). The Archdiocese claims that the court below lacks subject matter jurisdiction to entertain this claim under the First Amendment's bar against secular court review of religious policy and administration. We agree.
The First Amendment to the United States Constitution, in pertinent part, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. In Watson v. Jones, 80 U.S. (13 Wall.) 679, 20 L.Ed. 666 (1871), the United States Supreme Court interpreted this clause as placing matters of church government and administration beyond the purview of civil authorities:
[W]henever the questions of discipline, or of faith, or ecclesiastical rule, custom, or law have been decided by the highest of these church judicatories to which the matter has been carried, the legal tribunals must accept such decisions as final, and as binding on them, in their application to the case before them.
Id. at 727; McClure v. Salvation Army, 460 F.2d 553, 559 (5th Cir.1972).
This interpretation, known as the "ecclesiastical abstention doctrine," precludes courts from exercising jurisdiction where an employment decision concerns a member of the clergy or an employee in a ministerial position:
The First Amendment and the ecclesiastical abstention doctrine preclude civil courts from inquiring into ecclesiastical matters. Courts may not consider employment *642 disputes between a religious organization and its clergy because such matters necessarily involve questions of internal church discipline, faith, and organization that are governed by ecclesiastical rule, custom, and law. See Gonzalez v. Roman Catholic Archbishop of Manila, 280 U.S. 1, 16, 50 S.Ct. 5, 74 L.Ed. 131 (1929); see also Gellington v. Christian Methodist Episcopal Church, Inc., 203 F.3d 1299, 1304 (11th Cir.2000).
Se. Conference Ass'n of Seventh-Day Adventists, Inc. v. Dennis, 862 So.2d 842, 843-44 (Fla. 4th DCA 2003); see McClure, 460 F.2d at 558-60 (confirming that the ecclesiastical abstention doctrine enunciated in Watson precludes secular court review of employment decisions concerning a church and its minister).
Thus, where, as here, a claim challenges a religious institution's employment decision, the inquiry is whether the employee is a member of the clergy or serves a ministerial function. See Alicea-Hernandez v. Catholic Bishop of Chicago, 320 F.3d 698, 703-04 (7th Cir.2003). If so, secular review is generally precluded:
The ministerial exception, a doctrine rooted in the First Amendment's guarantees of religious freedom, precludes subject matter jurisdiction over claims involving the employment relationship between a religious institution and its ministerial employees, based on the institution's constitutional right to be free from judicial interference in the selection of those employees. See generally Serbian E. Orthodox Diocese for the U.S. and Can. v. Milivojevich, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976); Lewis v. Seventh Day Adventists Lake Region Conference, 978 F.2d 940 (6th Cir.1992).
Hollins v. Methodist Healthcare, Inc., 474 F.3d 223, 225 (6th Cir.2007); see also Alicea-Hernandez, 320 F.3d at 703 (the church need not proffer any religious justification for constructive termination of ministerial employee because "[t]o rule otherwise would enmesh the court in endless inquiries as to whether each discriminatory act was based in Church doctrine or simply secular animus"); EEOC v. Roman Catholic Diocese of Raleigh, N.C., 213 F.3d 795, 801 (4th Cir.2000) (finding that "[t]he exception precludes any inquiry whatsoever into the reasons behind a church's ministerial employment decision" and that "[t]he church need not . . . proffer any religious justification for its decision"); Rayburn v. Gen. Conference of Seventh-Day Adventists, 772 F.2d 1164, 1169 (4th Cir.1985) (while it is important to determine if the employee holds a ministerial position, a court "may not then inquire whether the reason for [the ministerial employee's] rejection had some explicit grounding in theological belief" because "the free exercise clause of the First Amendment protects the act of a decision rather than a motivation behind it"); Powell v. Stafford, 859 F.Supp. 1343, 1348 (D.Col.1994) (concluding that the church did not have to prove that it terminated a ministerial employee for a "religious reason" because "religious organizations have a per se right to select its ministerial employees"); Goodman v. Temple Shir Ami, Inc., 712 So.2d 775, 777 (Fla. 3d DCA 1998) (concluding that "[i]nquiring into the adequacy of the religious reasoning behind the dismissal of a spiritual leader is not a proper task for a civil court").
In this case, the parties concede that Miñagorri is a ministerial employee. Although the ministerial exception has most often been raised in response to employment discrimination claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., which specifically bars discrimination on the basis of religion, it has also been applied to *643 claims under the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. § 12101 et seq, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., as well as to common law claims brought against a religious employer. See, e.g., Ogle v. Church of God, 153 Fed.Appx. 371 (6th Cir.2005) (applying ministerial exception to breach of contract and a number of tort claims); Werft v. Desert Sw. Annual Conference of United Methodist Church, 377 F.3d 1099, 1100 n. 1 (9th Cir.2004) (Title VII and ADA claims, noting that "[j]ust as there is a ministerial exception to Title VII, there must also be one to any federal or state cause of action that would otherwise impinge on the Church's prerogative to choose its ministers"); Starkman v. Evans, 198 F.3d 173 (5th Cir.1999) (applying ministerial exception to ADA and state anti-retaliatory statute claims); Minker v. Baltimore Annual Conference of United Methodist Church, 894 F.2d 1354 (D.C.Cir.1990) (applying ministerial exception to ADEA claim); Hutchison v. Thomas, 789 F.2d 392 (6th Cir.1986) (applying ministerial exception to common law fraud, defamation, breach of contract and tort claims). We see no reason why the ministerial exception should not be applied to the instant whistleblower claim. See Malichi v. Archdiocese of Miami, 945 So.2d 526, 528 (Fla. 1st DCA 2006) (finding that the Free Exercise Clause of the First Amendment precluded judicial review of a priest's workers' compensation claim because it constituted an internal employment dispute between a priest and his church); Dennis, 862 So.2d at 843 (barring the trial court from exercising jurisdiction over a negligence claim brought against the church by its own pastor who claimed that the church had failed to adequately follow its own internal procedures when suspending him in response to allegations that he had made "unwelcome, sexually-suggestive overtures" to a member of the church's congregation); see also Alicea-Hernandez, 320 F.3d at 700 (communications manager for church precluded from bringing charge of discrimination based on national origin and gender under Title VII after she was allegedly constructively discharged from her employment by the church); Roman Catholic Diocese of Raleigh, N.C., 213 F.3d at 797 (EEOC precluded from bringing claims of gender discrimination and retaliation under Title VII against the church on behalf of a music teacher who was not hired for a newly created music director position); Rayburn, 772 F.2d at 1164 (white female member of church precluded from bringing sex and race discrimination claims under Title VII after she was denied a pastoral position in the church); Shaliehsabou v. Hebrew Home of Greater Washington, Inc., 247 F.Supp.2d 728, 728 (D.Md.2003) (kosher supervisor precluded from bringing an action against a Jewish elder care facility under state's wage and hour law and the Fair Labor Standards Act for unpaid overtime wages); Powell, 859 F.Supp. at 1345 (teacher at a Catholic high school precluded from bringing an ADEA age discrimination claim after the church failed to renew his employment contract); Pardue v. Center City Consortium Schs. of the Archdiocese of Washington, Inc., 875 A.2d 669, 671 (D.C.2005) (Catholic school principal precluded from bringing race discrimination and retaliation claims under the District of Columbia Human Rights Act after the church constructively terminated her employment contract); Goodman, 712 So.2d at 777 (affirming dismissal of rabbi's suit for non-renewal of his employment contract a@nd defamation); Sabatino v. Saint Aloysius Parish, 288 N.J.Super. 233, 235, 672 A.2d 217 (1996) (female principal of a parochial elementary school precluded from bringing gender discrimination, breach of contract and tort claims after she was not hired as principal of a new *644 school by the church). Moreover, allowing the whistleblower claim to proceed would especially run afoul of the First Amendment because the requested remedy of reinstatement would require the Archdiocese to employ Miñagorri, a concededly ministerial employee.
Accordingly, we grant relief with the writ withheld.[1]
NOTES
[1] In light of this holding, we do not address whether Miñagorri has stated a claim under the Private Sector Whistleblower Act. We also find Miñagorri's whistleblower claim distinguishable from third-party tort actions brought by parishioners against their respective churches based upon alleged sexual misconduct by a clergy member, see Doe v. Evans, 814 So.2d 370 (Fla.2002) and Malicki v. Doe, 814 So.2d 347 (Fla.2002), for the same reasons set forth by the First District in Malichi:

Although we find that this court lacks jurisdiction to consider Appellant's claim, we acknowledge our supreme court's holdings that permit third parties to file negligent-hiring and negligent supervision claims against hierarchical churches. We find Appellant's claim distinguishable from both Evans and Malicki because Appellant's claim would excessively entangle civil courts in the resolution of a completely internal church matter involving no third parties.
Malichi, 945 So.2d at 532 (citations omitted); see also Rapp v. Jews for Jesus, Inc., 944 So.2d 460, 464 (Fla. 4th DCA 2006) (finding that the First Amendment did not bar the plaintiff's third-party tort claims based upon Malicki where "[n]one of the tort claims in this case flowed from an employment dispute between a church and a member of the clergy").