980 So.2d 631 (2008)
Mark MENDES and Dan Waller, Petitioners,
v.
Anna Paula P. da SILVA, Respondent.
No. 2D07-2853.
District Court of Appeal of Florida, Second District.
May 9, 2008.
*632 Gregory A. Hearing and Charles J. Thomas of Thompson, Sizemore & Gonzalez, P.A., Tampa, for Petitioners.
Ryan Christopher Rodems of Barker, Rodems & Cook, P.A., Tampa, for Respondent.
KELLY, Judge.
Respondent Anna Paula P. da Silva, the former school director of Church of the Isles Community Christian School, sued Petitioners Mark Mendes, the Church's Senior Minister, and Dan Waller, the Church's Moderator, for libel and slander. Mendes and Waller moved to dismiss the complaint on First Amendment grounds, claiming that "the continued litigation of the action would require the court to explore and rule on aspects of a religious decision-making process that are outside of the trial court's subject matter jurisdiction." See House of God Which is the Church of the Living God, the Pillar and Ground of the Truth Without Controversy, Inc. v. White, 792 So.2d 491 (Fla. 4th DCA 2001) (stating that trial courts lack subject matter jurisdiction to decide lawsuits which require inquiry into church laws or doctrine). The trial court denied the motion to dismiss on the ground that the allegations of the complaint sufficiently establish that slander and libel may have been committed outside the realm of church operations and religious doctrine.
Mendes and Waller petition this court for a writ of prohibition, arguing that the proceedings in the trial court would entangle the court in a religious dispute by requiring it to interpret the Church of the Isles' by-laws, policies, educational doctrines, and beliefs in violation of the First Amendment. See Malicki v. Doe, 814 So.2d 347 (Fla.2002) (holding that the First Amendment prohibits courts from resolving ecclesiastical disputes). In asking the trial court, and now this court, to find that the First Amendment bars all of da Silva's claims, the petitioners rely solely on the allegations contained in her complaint. Although da Silva includes "background facts" in her complaint which describe the alleged improper methods Mendes and Waller followed to initiate an inquiry into her fitness to continue as school director, she does not point to these irregularities in church protocol to support her causes of action for libel and slander. Because her allegations, as stated in the complaint, do not demonstrate that the court will become entangled in internal church matters if the lawsuit is tried, we deny the petition. We do so, however, without prejudice to the petitioners to renew their claim of excessive entanglement if they can demonstrate that adjudication of da Silva's claims will involve the court in an impermissible inquiry into internal church matters or religious beliefs. See, e.g., LeGrande v. Emmanuel, 889 So.2d 991 (Fla. 3d DCA 2004) (denying parishioners' motion to dismiss a minister's slander claims without prejudice to assert the claims in a summary judgment proceeding if warranted by the evidence).
Petition for writ of prohibition denied.
DAVIS and VILLANTI, JJ., Concur.