LaROSE, Judge,
Concurring.
I fully concur that this case must be reversed and remanded for further proceedings in the trial court. Appellees failed to establish that no genuine issues of material fact remained. Consequently, the grant of summary judgment was unwarranted.
On a more fundamental matter, I question appellees’ standing to sue. See Wiccan Religious Coop. of Fla., Inc. v. Zin-gale, 898 So.2d 134, 135 (Fla. 1st DCA 2005), review dismissed, 944 So.2d 233 (Fla.2006) (holding that taxpayer, a religious organization, lacked standing to bring challenge alleging unconstitutionality of sales tax exemption statute; taxpayer benefited from exemption and, thus, failed to have adverse interest necessary for standing and was not a proper party to assert challenge). Appellees, apparently in their individual capacities, sued appellants. The alleged causes of action, however, may very well belong to the nonprofit corporation. Such derivative claims cannot be asserted in individual capacities. See, e.g., Stein v. Schecter, 478 So.2d 1072, 1072-73 (Fla. 3d DCA 1985).
Shri Saraswati Devi Mandir, Inc., is a Hindu temple established as a nonprofit corporation under the Internal Revenue Code. Dave P. Sharma is a Hindu priest and president of the church.
Our record suggests that disputes between Mr. Sharma and segments of the congregation arose over forms of worship. Neither we nor the trial court was asked to entangle ourselves in that ecclesiastical matter. See Mendes v. da Silva, 980 So.2d 631, 632 (Fla. 2d DCA 2008) (citing Malicki v. Doe, 814 So.2d 347 (Fla.2002)); Archdiocese of Miami, Inc. v. Miñagorri, 954 So.2d 640, 641 (Fla. 3d DCA 2007), review dismissed, 985 So.2d 1086 (Fla. 2008), cert. denied, 555 U.S. 1102, 129 S.Ct. 936, 173 L.Ed.2d 113 (2009); House of God Which is the Church of the Living God, the Pillar and Ground of the Truth Without Controversy, Inc. v. White, 792 So.2d 491, 493 (Fla. 4th DCA 2001). What is sure, however, is that the dispute spiraled into a battle over corporate governance, control, and management.
As a result, the appellees — directors, and members of the temple — sued Mr. Sharma and the temple. They asserted causes of action for declaratory judgment, *957 fraud, breach of fiduciary duty, accounting, and injunctive relief. I see nothing in the complaint indicating that appellees brought their causes of action in a representative capacity. Yet, much of the relief requested in the complaint, if granted, should rightfully inure to the temple’s benefit.
If the causes of action are indeed derivative, the appellees have not alleged compliance with the presuit requirements of section 617.07401, Florida Statutes (2009), applicable to nonprofit corporations. Moreover, they have asserted no basis as to why they can maintain this lawsuit. Although the appellees dismissed all causes of action save the one for declaratory relief, an action for declaratory relief may be brought as a derivative claim. See, e.g., C.A.T., LLC v. Island Developers, Ltd., 827 So.2d 373, 374 (Fla. 3d DCA 2002).
It does not appear that this issue was addressed at any point in the proceedings before the trial court. Nonetheless, I hope that upon remand any relief that may be awarded will be carefully considered with an eye towards ensuring that the interests of proper parties are acknowledged. See Mt. Olive Primitive Baptist Church of Jacksonville v. Harris, 860 So.2d 520, 521 (Fla. 1st DCA 2003).