# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1218
_____

SPRINGHILL MISSIONARY
BAPTIST CHURCH, INC.,

    Petitioner,

    v.

GERALD E. MOBLEY,

    Respondent.

_____

Petition for Writ of Prohibition—Original Jurisdiction.

July 9, 2018

PER CURIAM.

The Springhill Missionary Baptist Church of Gainesville terminated Gerald Mobley's membership, and Mobley sued. After the trial court denied the church's motion to dismiss, the church petitioned this court for a writ of prohibition, arguing that the lower court lacks jurisdiction.

Mobley's initial complaint raised claims of slander, libel, and a First Amendment violation. It alleged Mobley had been a church deacon for three years when the church's pastor and the deacon-board chairman called a special meeting to accuse Mobley of heresy. Regarding the slander claim, Mobley alleged the pastor and chairman falsely accused Mobley "of being a Heretical Apostate committing acts against [the] Church, Spiritual Beliefs,

Faith and God orally and publicly in the presence of members of [the] Church Community/Family." Regarding the libel claim, Mobley alleged the pastor and chairman wrote an open letter, made available to all members of the church, disparaging Mobley's good name. Mobley claimed entitlement to $3 million in damages.

The church moved to dismiss, arguing the ecclesiastical abstention doctrine deprived the lower court of subject-matter jurisdiction. The court agreed and dismissed. But the court granted Mobley leave to file an amended complaint alleging additional facts that would support exercise of subject-matter jurisdiction.

Mobley amended his complaint, raising claims of slander, libel, and "Actual Malice and Negligent Deformation [sic]." The new complaint omitted references to heresy and described the church's actions in more general terms. Mobley accused the church of spreading "false statements," "hearsay and malicious rumors," and remarks of a "disparaging derogatory nature." The amended complaint's only specifics came through an attached letter, incorporated into the pleading. *See* Fla. R. Civ. P. 1.130(b) ("Any exhibit attached to a pleading must be considered a part thereof for all purposes."). That letter, signed by the pastor and deacon chairman, told Mobley his membership was terminated. The letter explained that Mobley's public and private "heretical statements" regarding the inerrancy of the Bible and the divinity of Jesus Christ caused the termination. The letter also noted that the church's action "was required to maintain the integrity of [the] church's doctrine, and to protect the church from false teaching."

The church moved to dismiss the amended complaint, again relying on the ecclesiastical abstention doctrine. After a hearing on the motion, the court announced it would review Mobley's claims to see if they constituted an exception to the doctrine and would rule accordingly. The court then issued an order denying the motion to dismiss without explanation, and the church filed this petition for writ of prohibition.

The ecclesiastical abstention doctrine, also known as the church autonomy doctrine, is based on the Free Exercise Clause of the First Amendment. *Malichi v. Archdiocese of Miami*, 945 So. 2d 526, 529 (Fla. 1st DCA 2006). The doctrine prevents courts from

reviewing disputes concerning "theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required." *Id.* (quoting *Watson v. Jones*, 80 U.S. 679, 733 (1871)). Courts have treated the doctrine as a jurisdictional bar, *see Flynn v. Estevez*, 221 So. 3d 1241, 1247 (Fla. 1st DCA 2017), and granted petitions for writs of prohibition on that basis, *see, e.g.*, *Archdiocese of Miami, Inc. v. Minagorri*, 954 So. 2d 640 (Fla. 3d DCA 2007); *Se. Conference Ass'n of Seventh-Day Adventists, Inc. v. Dennis*, 862 So. 2d 842 (Fla. 4th DCA 2003); *see also DHL Express (USA), Inc. v. State, ex rel. Grupp*, 60 So. 3d 426, 428 (Fla. 1st DCA 2011) (noting that a writ of prohibition is appropriate when there are no disputed issues of fact and "the lower tribunal is poised to proceed without subject-matter jurisdiction").

A lawsuit does not, of course, become a theological controversy just because one of the litigants is a church. *See Flynn*, 221 So. 3d at 1247. We therefore must consider "the nature of the dispute and whether it can be decided on neutral principles of secular law without a court intruding upon, interfering with, or deciding church doctrine." *Id.*; *see also Malicki v. Doe*, 814 So. 2d 347, 357 (Fla. 2002) (noting that court must determine whether a dispute is about "discipline, faith, internal organization, or ecclesiastical rule, custom or law," or whether it involves "purely secular disputes between third parties and a particular defendant, albeit a religiously affiliated organization").

We conclude that resolving any claims in Mobley's inartfully drafted amended complaint would require a court to intrude into church doctrine in violation of the ecclesiastical abstention doctrine. Therefore, the doctrine prevents litigation of this dispute and the lower court lacks jurisdiction to proceed.

PETITION GRANTED.

JAY, WINSOR, and M.K. THOMAS, JJ., concur.

3

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael M. Brownlee and David A. Corso of Fisher Rushmer, P.A., Orlando, for Petitioner.

Gerald E. Mobley, pro se, Respondent.