IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TRUSTEE CORPORATION OF
THE KING STREET BAPTIST
CHURCH, INC.,

     Appellant,

 v.

     Case No.    5D22-209
     LT Case No. 05-2017-CA-051569-X

NORTHWEST BAPTIST CHURCH
OF COCOA, INC., BREVARD
BAPTIST ASSOCIATION, INC.,
AND SURFSIDE COMMUNITY
FELLOWSHIP, INC.,

     Appellees.

_____/

Opinion filed November 4, 2022

Appeal from the Circuit Court
for Brevard County,
John Dean Moxley, Jr., Judge.

Eric L. Hostetler and Scott
Widerman, of Widerman Malek, P.L.,
Melbourne, for Appellant.

Michael S. Minot, of Minot Law, P.A.,
Cocoa, for Appellees.

WALLIS, J.

Trustee Corporation of the King Street Baptist Church, Inc. appeals the trial court's order dismissing the case entered in favor of Northwest Baptist Church of Cocoa, Inc., Brevard Baptist Association, Inc., and Surfside Community Fellowship, Inc. When dismissing a complaint, trial courts are confined to the allegations contained within the four corners of the complaint, must draw all inferences in favor of the pleader, and must accept all well-pled allegations as true. Wilmington Sav. Fund Soc'y, FSB v. Contreras, 278 So. 3d 744, 747 (Fla. 5th DCA 2019). Here, the trial court was presented with a complaint and supporting deeds attached to the complaint. In dismissing the case, the court failed to accept the allegations in the complaint and the provisions contained in the deeds as true. See K.C. Quality Care, LLC v. Direct Gen. Ins. Co., 47 Fla. L. Weekly D1832 (Fla. 5th DCA Sept. 2, 2022) (trial court improperly dismissed a complaint when it failed to accept allegations in the complaint as true). Accordingly, we reverse and remand for further proceedings.

REVERSED and REMANDED.

COHEN, J., concurs and concurs specially, with opinion.
NARDELLA, J., dissents without opinion.

2

COHEN, J., concurring specially.

I concur with the majority opinion. I write to explain that, in my view, this case requires a determination of whether the dispute can be resolved utilizing neutral principles of law, as recently noted by our sister court in Auguste v. Hyacinthe, 346 So. 3d 67, 71 (Fla. 4th DCA 2022) ("[W]hen a church-related dispute can be resolved by applying neutral principles of law without inquiry into religious doctrine and without resolving a religious controversy, the civil courts may adjudicate the dispute." (quoting Se. Conf. Ass'n of Seventh-Day Adventists, Inc. v. Dennis, 862 So. 2d 842, 844 (Fla. 4th DCA 2003))).

I agree with Judge Warner's partial dissent in Auguste that there must also be a determination as to whether this church has a hierarchical or congregational form of governance. Id. at 73. Only the former implicates the ecclesiastical abstention doctrine. Id. Otherwise, the appellant would have no forum in which to adjudicate its alleged grievances. As in Auguste, the landscape of this case could change once those issues have been resolved.